IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60350
Summary Calendar
_____

JOHN F BRATTON; FRANCES F BRATTON, wife,

Plaintiffs-Appellants,

v.

DAN GLICKMAN, Individually, and in his capacity as Secretary
of the United States Department of Agriculture;
NORRIS FAUST, JR, Individually and in his capacity as
Mississippi State Executive Director of the Farm Service Agency;
NANCY H. ROBINSON, Individually and in her capacity as Chief,
Debt Settlement Section, Mississippi Farm Service Agency;
WILLIAM LEFLORE, Individually and in his capacity as County
Supervisor, Leflore County Farm Service Agency,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:96-CV-228
--------------------
February 9, 2000

Before KING, Chief Judge, and SMITH and EMILIO G. GARZA, Circuit
Judges.

PER CURIAM:[*]

The issue presented by this appeal is whether the district

court erred in finding that plaintiffs and defendants entered

into an enforceable settlement contract and by granting

defendants' Motion to Enforce Settlement.

A settlement agreement is a contract. Guidry v. Halliburton

Geophysical Serv., Inc., 976 F.2d 938, 940 (5th Cir. 1992). A

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's interpretation of an unambiguous contract is a question of law, subject to *de novo* review. Id. When a contract is expressed in unambiguous language, its terms will be given their plain meaning and enforced as written. Certain Underwriters at Lloyd's London v. C.A. Turner Constr. Co., 112 F.3d 184, 186 (5th Cir. 1997). "Where an agreement is ambiguous, such that its construction turns on a consideration of extrinsic evidence, the district court's interpretation is reviewed for clear error." Guidry, 976 F.2d at 940.

Having reviewed the record and the briefs of the parties, we conclude, based either upon plaintiffs' counsel's September 1997 and March 1998 letters, which unambiguously accepted the Assistant United States District Attorney's offer to settle this litigation or upon the letters *and* the extrinsic evidence introduced at the evidentiary hearing, that the district court did not err by finding that the Brattons entered into an enforceable settlement contract with the defendants. See C.A. Turner Constr. Co., 112 F.3d at 186 and Reich v. Lancaster, 55 F.3d 1034, 1045 (5th Cir. 1995).

AFFIRMED.